PATRICK H. HICKS, Bar No. 004632
EMIL S. KIM, Bar No. 14894
LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone: 702.862.8800
Fax No.: 702.862.8811
Email: phicks@littler.com
Email: ekim@littler.com

Attorneys for Plaintiff
AHERN RENTALS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AHERN RENTALS, INC.,

Plaintiff,

v.

JOHN MATTHEW YOUNG,

Defendant.

Case No.: 2:21-cv-02190-JAD-BNW

**DECLARATION OF EMIL KIM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Emil Kim, do hereby declare and state as follows:

1. I am an attorney with Littler Mendelson, P.C. and counsel for Plaintiff in the above-captioned case. I have personal knowledge of the facts and circumstances stated in this Declaration. This Declaration is submitted in support of Plaintiff's Emergency Motion for Preliminary Injunction (the "Motion"). Pursuant to LR 7-4 and LR IA 6-1, Plaintiff respectfully requests the Court consider this Motion on an expedited basis.

2. This matter was filed by Ahern in the Eighth Judicial District Court, Clark County, Nevada on November 10, 2021. Plaintiff filed its Motion for Temporary Restraining Order and Preliminary Injunction in the Eighth Judicial District Court on December 7, 2021. The Honorable

Judge Joanna Kishner ordered the Motion be set on shortened time, with an original hearing date of December 21, 2021. Plaintiff provided notice to Young's counsel of its Motion for TRO on December 8, 2021. Young then filed his notice of removal on December 13, 2021.

3. I have reviewed the Non-Competition, Non-Solicitation and Non-Disclosure Agreement Employment Agreement between John Matthew Young and Ahern, a true and correct copy of which is attached to the Motion as Exhibit 2. This Agreement prohibits Young from competing against Ahern within the Restricted Area, defined in the Agreement as a 100-mile radius of any of Ahern's stores or locations in which Young performed services or had management or sales responsibilities, for a period of 12 months after his separation from Ahern, prohibits him from soliciting customers and employees from Ahern for a period of 12 months after his separation, requires Young to return Ahern's property upon termination of employment, and prohibits the disclosure of Ahern's confidential information.

4. I have also reviewed the Declaration of Michael Vawter, Jr. ("Vawter Decl."), attached to the Motion as Exhibit 1. According to Mr. Vawter's Declaration, Young resigned his employment with Ahern on or around May 5, 2021, and despite the terms of the Agreement, Ahern learned that shortly thereafter he had accepted employment for a direct competitor of Ahern, JGR Equipment Rental & Sales, LL ("JGR"), to perform the same or substantially similar work as he did at Ahern within the restricted area.

5. As a result, Ahern wrote to both JGR and Young on May 10, 2021 (which a true and correct copy of the letter has been attached to the Motion as Exhibit 3), informing both of Young's continuing obligations to Ahern and the Company's expectations with regard to same.

6. Notably, Ahern did not object to Young's employment with JGR or demand that JGR not employ Young. On the contrary, Ahern merely asked for information regarding Young's anticipated role and duties with JGR, and sought confirmation that Young and JGR would honor Ahern's rights and Young's obligations under the Agreement.

7. Ahern did, however, expressly request that Young immediately return any and all Ahern property, materials, documents and information; to the extent the same was in his possession, care, custody or control. (Ex. 2.)



LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

8. Ahern subsequently learned that Young had not followed through with his employment with JGR, but had instead accepted employment with EquipmentShare.com, Inc. ("EquipmentShare") on or about May 28, 2021.

9. EquipmentShare is another direct competitor of Ahern and an entity that has systematically targeted Ahern sales professionals nationwide in an effort to quickly build market share without having to invest the substantial time and resources necessary to build a legitimate equipment rental business.

10. Ahern only learned about Young's employment with EquipmentShare when the Company lost a valuable customer to Young and EquipmentShare in or around August 2021. Concerned that Young had solicited this customer in violation of his Agreement, Ahern reached out to EquipmentShare on August 31, 2021, to inquire about Young's employment with EquipmentShare, echoing the same concerns and expectations as the Company expressed in its May 10, 2021, letter to JGR and Young.

11. EquipmentShare did not respond to Ahern's communication. Instead, on October 7, 2021, Young filed suit against Ahern in Mecklenburg County, North Carolina, state court, seeking, among other things, declaratory and injunctive relief that would render his continuing legal obligations to Ahern null and void. Young has also filed a motion for injunctive relief in the North Carolina court, seeking to, among other things, enjoin Ahern from enforcing the Agreement and protecting itself from continuing irreparable harm.

12. In his North Carolina action (which was then removed to the Western District of North Carolina), Young makes reference to the Nevada choice of law provision, but fails to reference the existence of the Nevada forum selection clause contained in the very same section of the operative Agreement.

13. Indeed, Young's North Carolina Complaint and motion were filed in direct violation of Section 8.1 of his Agreement, which expressly provides that "any and all disputes" arising from the Agreement "shall be heard and resolved exclusively by a Court in the State of Nevada." (Ex. 1 at § 8.1.)

///



LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

14. Critically, Ahern's investigation to date has also revealed that, prior to resigning from his employment with Ahern, Young engaged in a deliberate effort to misappropriate Ahern Confidential Information and Trade Secrets by sending highly proprietary Company information – including pricing reports, "screenshots" of data from Ahern's proprietary AS400 database, specific business plans and pending projects, and information regarding customer leads – from his Ahern email address to his personal, cloud-based account, johnmyoung93@gmail.com.

15. Ahern submits that it is not coincidence that Young's apparent misconduct in this regard mirrors the misconduct of numerous other former Ahern sales professionals now working for EquipmentShare who also "happened" to begin emailing Ahern Confidential Information and Trade Secrets to their personal cloud accounts shortly before abruptly quitting their employment with Ahern to immediately begin working for EquipmentShare.

16. Thus, it is apparent that without immediate Court intervention, Ahern will be unable to prevent further violations by Young, who is actively seeking to have a North Carolina court (and now the Western District of North Carolina – Charlotte Division) declare the protections afforded to Ahern under the Agreement null and void.

17. Given Young's refusal to return Ahern's proprietary information and refusal to provide Ahern assurance that he will comply with his ongoing contractual obligations (on the contrary, Young is actually suing in North Carolina for the right to breach these very obligations), his actions are clearly in violation of the Agreement.

18. Prior to re-filing its Motion in Federal Court, on December 14, 2021, counsel for Ahern consulted with counsel for Young pursuant to Local Rule 7-4, and the parties have been unable to resolve this matter at this time. The parties will, however, remain willing to discuss a resolution of this and other matters going forward. Based upon my review of this matter, it is my opinion that hearing this motion in the ordinary course will exacerbate the current and substantial irreparable injury to which Ahern is currently subjected. Direct evidence exists that proves Young has breached and is continuing to breach his contractual obligations to Ahern.

///

///



LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

19. The addresses and telephone numbers for counsel of movant is:

Patrick H. Hicks, Esq.
Emil S. Kim, Esq.
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
(702) 862-8800

20. The addresses and telephone numbers for counsel for Young is:

David A. Carrol, Esq.
Anthony J. DiRaimondo, Esq.
Robert E. Opdyke, Esq.
Rice Reuther Sullivan & Carroll, LLP
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, NV 89169
(702) 732-9099

Brandon Gaskins, Esq. (*Pro Hac Vice Pending*)
Moore & Van Allen
78 Wentworth Street
Charleston, SC 29401
(843) 579-7038

21. Accordingly, Ahern respectfully requests that the Court set the Motion for an expedited hearing date subject to the availability of the Court.

I declare under the penalty of perjury that the foregoing statements are true and correct. Dated this 20th day of December 2021.

*/s/ Emil Kim*
Emil Kim, Esq.