# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ahern Rentals Inc. | Case No. 2:21-cv-02190-JAD-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| John Matthew Young, | |
| Defendant. | |

By way of an emergency motion, Plaintiff seeks expedited discovery and an order to preserve evidence (in anticipation of a hearing for injunctive relief). ECF No. 7. Defendant opposes this motion. ECF No. 10.

### I. Background

The allegations in this case arise from Defendant John Young's activities prior to leaving his employment at Ahern Rentals. Specifically, Young is accused of violating his contractual obligations to Ahern regarding the non-compete, non-solicitation, and non-disclosure agreement he signed while employed at Ahern.

### II. The Parties' Arguments

Plaintiff argues there is good cause to expedite discovery in this case. Plaintiff argues that the information sought will assist the Court during the injunctive relief hearing, that the bulk of the information to support its request for injunctive relief is in Defendant's possession, and that the request is narrowly tailored.

Defendant argues that Plaintiff's motion should not have been filed on an emergency basis and that there is no good cause to expedite discovery. First, he notes that Plaintiff has been dilatory in seeking injunctive relief: Young was terminated in May 2021, Plaintiff learned of the

alleged conduct in August of 2021 and, yet, Plaintiff did not seek injunctive relief until December 20, 2021. Next, Defendant argues that Plaintiff cannot show irreparable harm in the absence of expedited discovery, as Defendant is currently suspended from employment. In addition, Defendant argues that the discovery requests are not narrowly tailored and that it would be extremely burdensome for him to comply with these requests in a short period of time (as he will be in California for the holidays and may not have access to the requested discovery). Lastly, Defendant argues that it is not clear at this juncture whether the District of Nevada or the Western District of North Carolina will be the forum in which this matter is litigated. Given this uncertainty, he argues he should not be subject to duplicative discovery obligations.

### III.     Analysis

#### A.     Emergency-Nature of the Motion

Preliminary, while Plaintiff's delay in seeking injunctive relief is inconsistent with the notion of any emergency, the Court will exercise its discretion to resolve this matter on an expedited basis.

#### B.     Request for Expedited Discovery

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Early discovery may be permitted by court order upon a showing of good cause. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). The party seeking expedited discovery bears the burden of showing good cause. *Id*. Because expedited discovery is not the norm, the movant must make a prima facie showing of the need for that expedited discovery. *Id*. A finding of good cause may be made where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id*. To make this determination, courts evaluate the reasonableness of the request in light of all the surrounding circumstances. *Id*. at 1067. At bottom, courts have "wide discretion" in determining whether the circumstances justify expedited discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*,

208 F.R.D. 273, 276 (N.D. Cal. 2002) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

Here, the Court considers the fact that a hearing for injunctive relief has not yet been set, the fact that this request is being made right before the holidays, and the fact that Defendant may not be home (to obtain all the requested information). The Court finds that, accounting for all these circumstances, Plaintiff has demonstrated good cause to obtain *some* of the requested discovery on an expedited basis, as Plaintiff's need to obtain additional information before the hearing for injunctive relief outweighs any prejudice to Defendant. Of note, while Plaintiff may need to show irreparable harm will result to obtain injunctive relief, Plaintiff need not show irreparable harm to obtain expedited discovery.

Accordingly, the Court will allow Plaintiff to take a three-hour *virtual* deposition of Defendant. Given Defendant is in California (as opposed to his home state), the Court finds it is not reasonable to have him respond to the requests for productions (in Exhibit 5) or the interrogatories (in Exhibit 6). Nevertheless, the Court will order Defendant to familiarize himself with those requests and interrogatories so that he can readily answer questions at the upcoming deposition. The Court will also order him to research the answers to those requests and interrogatories from California to the extent that he can. For example, if he can remotely access information from California to obtain responsive information, he is ordered to do so.

While there are questions as to where this case will ultimately be litigated, a three-hour virtual deposition does not raise the types of concerns involved in the pursuit of full-fledged discovery.

Lastly, Defendant is already subject to the duty to preserve evidence. Thus, there is no need for any further order from this Court in that regard.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's emergency motion to expedite discovery (ECF No. 7) is GRANTED in part and DENIED in part as follows. Plaintiff shall be permitted to depose Defendant (*virtually*) three days (at the latest) prior to the date set for the hearing on injunctive relief. The deposition shall last no more than three hours. Defendant is to

familiarize himself with the contents of Plaintiff's Exhibits 5 and 6 and conduct as much research as possible to be ready to answer questions at his deposition.

DATED: December 22, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE