UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ahern Rentals, Inc., | Case No.: 2:21-cv-02190-JAD-BNW |
| Plaintiff | |
| v. | **Order Granting in Part Emergency Motion for Temporary Restraining Order and Setting Briefing Schedule on Emergency Motion for Preliminary Injunction** |
| John Matthew Young, | |
| Defendant | [ECF No. 5] |

Ahern Rentals, Inc. contends that it employed John Matthew Young as an outside sales representative at its branches in Raleigh and Charlotte, North Carolina, until he quit in May 2021. It alleges that Young signed a non-competition, non-solicitation, and non-disclosure contract agreeing that, after his employment ended, he would not solicit or accept business from Ahern's customers, work for Ahern's competitors within a 100-mile radius of any store at which Young did business for a year, or disclose or use any of Ahern's trade secrets that he had acquired during his employment. The agreement also prohibited Young from taking possession of Ahern's confidential information or trade secrets. According to Ahern, Young broke each of these promises when he sent confidential Ahern documents to his personal email address, took a sales job with EquipmentShare.com, Inc., and successfully solicited one of Ahern's customers. Ahern thus sues Young for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, and misappropriation of trade secrets.[1] It seeks injunctive and monetary relief.

---

[1] ECF No. 1-1 at ¶¶ 47–82 (complaint). Ahern also alleges injunctive relief as a claim for relief. *Id.* at ¶¶ 83–89. I construe those allegations as part of Ahern's prayer for relief because an injunction is a remedy, not a cause of action.

Ahern originally filed its complaint against Young in state court.[2] It sought a temporary restraining order and preliminary injunction there,[3] but Young removed the action before the state court ruled on either. Ahern now moves on an emergency basis for both an order temporarily restraining Young from engaging in five categories of conduct[4] and a preliminary injunction to the same effect.[5] Young has not yet responded to any of Ahern's emergency motions.[6] Because I find that Ahern has met the standard for obtaining a narrowly tailored restraining order with notice, I grant in part its motion for that relief and set an expedited briefing and oral-argument schedule for its emergency motion for a preliminary injunction.

## Discussion

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[7] Both are "extraordinary" remedies and "never awarded as of right."[8] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that to obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public

---

[2] *See* ECF No. 1.

[3] ECF No. 1-2.

[4] ECF No. 5.

[5] ECF No. 6.

[6] Before Ahern filed this action, Young filed his own suit against Ahern in North Carolina state court, seeking declaratory and injunctive relief enjoining Ahern from enforcing its contract. ECF No. 5 at 8.

[7] *See Stuhlbarg Int'l Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[8] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

interest."[9]  The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied."[10]

Based on the evidence that Ahern provides with its emergency motion for a temporary restraining order, I find good cause to believe that Young has breached his agreement with Ahern.  While Young is ostensibly employed at EquipmentShare's office in Ladson, South Carolina (seemingly outside of the 100-mile restricted radius), he is working from his home in Charlotte, where he previously performed services for Ahern.[11]  He has also successfully solicited at least one Ahern customer.[12]  There is also good cause to believe that Young took documents containing Ahern's confidential and proprietary information concerning pricing reports, business plans and pending projects, and information regarding customer leads.[13]  That he has such information lends to the likelihood that he has or will misappropriate that information by using it for his own benefit in his job with EquipmentShare.  I also find that Ahern has demonstrated that the equities tip in its favor and the public has a strong interest in granting restraining orders in these circumstances.  Although it is a closer call, I find that Ahern has shown that it is likely to suffer further irreparable harm unless Young is restrained from engaging in three categories of conduct.  So I conclude that Ahern has met the standard for

---

[9] *Id.* at 20.

[10] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[11] *See* ECF No. 5-2 at ¶ 25–26 (Vawter declaration).

[12] *Id*. at ¶ 22.

[13] *Id.* at ¶ 29.

obtaining a narrowly tailored temporary restraining order against Young that prohibits him from working as a sales representative within 100 miles of Ahern's Charlotte and Raleigh stores, soliciting any of Ahern's customers, and using any of Ahern's trade-secret or confidential information.

But for several reasons I decline Ahern's requests for a restraining order instructing that Young is (1) prohibited from getting rid of evidence, (2) required to preserve evidence, and (3) prohibited from encouraging any Ahern employee to quit or provide services to another company.[14] The Federal Rules of Civil Procedure already impose the first two obligations on all parties and their counsel.[15] There is no evidence showing that Young has or violated or is inclined to violate these basic procedural rules. Finally, those requests are better resolved in the context of a discovery motion.[16] And as for encouraging Ahern employees to quit, Ahern offers no evidence that Young has done or may do any such thing. So I deny Ahern's request for an order restraining that conduct.

## Conclusion

IT IS THEREFORE ORDERED that Ahern's emergency motion for a temporary restraining order **[ECF No. 5] is GRANTED in part**:

1. Young is enjoined and prohibited from, directly or indirectly, being employed, retained, or providing consulting, contracting, sales, or other services that involve the same or similar services he performed at Ahern Rentals, Inc. (outside equipment sales or

---

[14] *See* ECF 5 at 15–16, ¶¶ 3, 5.

[15] *See, e.g.*, Fed. R. Civ. P. 26, 37.

[16] Ahern has filed an emergency motion for expedited discovery. ECF No. 7. Magistrate Judge Weksler has ordered Young to respond to that motion by December 22, 2021. ECF No. 9 (minute order).

rental) to any person or entity, including but not limited to EquipmentShare.com, Inc., that competes with Ahern within a 100-mile radius of Ahern's Raleigh and Charlotte, North Carolina, branches;

2. Young is enjoined and prohibited from attempting to solicit from any "Customer" of Ahern, as defined in § 2.3 of Young's Non-Competition, Non-Solicitation and Non-Disclosure Agreement with Ahern.[17]

3. On or before **December 23, 2021,** Young must turn over to Ahern, and cease any use of, any of Ahern's documents (including all copies), tangible information, and tangible data to the extent he is in possession of, or has access to, such confidential information. Young is enjoined and prohibited from using or divulging any of Ahern's confidential or trade secret information.

4. The emergency motion for a temporary restraining order is **DENIED in all other respects**.

IT IS FURTHER ORDERED that this temporary restraining order will automatically **EXPIRE at 5:00 p.m. on January 4, 2022**, unless it is extended by the court for cause or converted into a preliminary injunction.

IT IS FURTHER ORDERED that **Ahern must post bond in the amount of $200 by 5:00 p.m. on December 27, 2021**, to effectuate this order and recompense Young if it is later determined that he has been wrongfully restrained.

IT IS FURTHER ORDERED that Ahern's emergency motion for a preliminary injunction [ECF No. 6] will be heard at **1:30 p.m. on January 4, 2022**, in Courtroom 6D using Zoom video conference. Young has until **December 29, 2021**, to file any response to Ahern's

---

[17] ECF No. 5-3 at 4–5.

emergency motion for a preliminary injunction. Ahern has **until noon on January 3, 2022**, to file any reply.

_____
U.S. District Judge Jennifer A. Dorsey
December 22, 2021